UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

R.S.,

                    Plaintiff,

        v.

OLYMPIC MANAGEMENT LLC, et al.,

                    Defendants.

CASE NO. 3:26-cv-05229-BHS

ORDER

This matter is before the Court on pro se plaintiff R.S.'s motion for leave to proceed *in forma pauperis* (IFP), Dkt. 1, and motion for a temporary restraining order (TRO), Dkt. 2.

R.S. alleges she is indigent and is subject to the defendants' "ploy to evict" her from her apartment in Kitsap County. Dkt. 1-1. Her proposed complaint and motion are difficult to read, but she appears to contend that the defendants, including the apartment's property manager, have repeatedly tried to enter her unit under "false pretenses" of installing a sprinkler system. *Id.* at 3. She also claims she has a mobility disability, which makes it difficult for her to use the apartment's "second entrance/exit." *Id.* at 10. She

ORDER - 1

alleges this door does not comply with the Americans with Disabilities Act. R.S. brings discrimination, retaliation, harassment, defamation, false light, intentional infliction of emotional distress, slander, and "irreparable harm" claims against the defendants. Dkt. 1-1.

In her motion for a TRO, R.S. appears to challenge a Kitsap County Superior Court order allowing the Sherriff's Department to enter her apartment. Dkt. 2. She claims the "underlying factor is retaliation" for suing the defendants, and "the main issue" is that her due process rights were violated. *Id.* at 1–2.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted[.]" *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*

ORDER - 2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court cannot, and will not, grant R.S. the relief she seeks in a TRO. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and

seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Moreover, R.S. has also not shown she meets the requirements for a TRO. It is unlikely she would succeed on the merits of any of her claims.

The claims in her proposed complaint are also not plausible. Her complaint is wholly conclusory, and does not allege facts allowing the Court to draw reasonable inferences that the defendants are liable for the alleged misconduct. It is not enough to simply assert defendants have harmed her without adequately explaining what facts support those claims.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Because R.S. has not stated a plausible claim, she has not established that she is likely to succeed on the merits of her claims. Her motion for a TRO, Dkt. 2, is **DENIED**.

R.S.'s motion for leave to proceed IFP, Dkt. 1, is therefore also **DENIED**. She may pay the filing fee or file an amended complaint within 21 days of this Order, or this matter will be dismissed.

IT IS SO ORDERED.

//

//

ORDER - 4

Dated this 9th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5