UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| R.S., | CASE NO. 3:26-cv-05229-BHS |
| Plaintiff, | ORDER |
| v. | |
| OLYMPIC MANAGEMENT LLC, et al., | |
| Defendants. | |

THIS MATTER is before the Court following Magistrate Judge Theresa L. Fricke's Order granting pro se plaintiff R.S.'s application to proceed *in forma pauperis* based on her indigency, leaving to this Court evaluation of whether R.S.'s amended complaint asserts a plausible claim and should be served. Dkt. 24 (citing 28 U.S.C. § 1915(e)(2)(b)). Before it could do so, R.S. filed motion to change venue to Seattle. Dkt. 23.

In support of the latter, she asserts it would be more convenient for her to travel to that courthouse than this one, and that she has learned through research that Tacoma has a "history of intense racial bias toward Black people." Dkts. 23 and 23-1 at 6. She also contends that her research discovered that this Court uses similar language in reviewing pro se complaints in support of *in forma pauperis* status, including phrases like "hard to

ORDER - 1

follow" and "implausible;" that it "did not want to deal with state court decisions," and that it would permit the applicant "an opportunity to amend." Dkt. 23-1 at 4. She also asserts that she does not believe she can obtain a fair trial in Tacoma, generally or from this court specifically. *Id*. at 10 ("[T]here is no chance there will impartiality."; "I am requesting that he not rule on anything else in my case, because I do not believe he will be fair.").

As an initial matter, cases arising in Kitsap County, and those arising in Pierce County, are properly heard in the Tacoma Division of the Western District of Washington. Local Rule LCR 3(e)(1). Neither plaintiff's mobility issues nor her conclusory and unsupported claim about rampant "racial bias" in all judges and potential jurors in Tacoma supports a change of venue. R.S.'s motion to change venue to Seattle, Dkt. 23, is **DENIED.**

However, the Court construes R.S's filing as a motion to disqualify, or to recuse,[1] based on her suspicion of bias on the part of this Court.

Under the local rules of this District, a motion for recusal is addressed first by the presiding judge and, if the judge does not recuse voluntarily, the matter is referred to the chief judge for review. *See* Local Rules W.D. Wash. LCR 3(f).

Federal judges should recuse themselves if "'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (quoting *In re*

---

[1] R.S. does not specifically ask the Court to recuse itself; she instead asserts based on her research that every judge and potential juror in Tacoma is biased against her. Dkt. 23-1 at 7–10.

ORDER - 2

*Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986)); *see also* 28 U.S.C. § 144; 28 U.S.C. § 455. This is an objective inquiry concerned with whether there is the appearance of partiality, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

"In the absence of **specific** allegations of **personal** bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient." *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981) (emphasis added). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). To the contrary, "[a]lmost invariably, they are proper grounds for appeal, not recusal." *Id.*

R.S. has not provided any specific allegation of personal bias on the part of this Court. It is certainly true that the Court uses words like "plausible" in evaluating an *in forma pauperis* applicant's pleading; that is the legal standard for obtaining such status and the benefits it conveys. It is also plainly true that the Court routinely provides such applicants an "opportunity" to amend their complaint if the first effort is lacking. That too is required, as the Court also consistently explains. And federal district courts do not review state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de*

*facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).

But R.S.'s assertion that, because Tacoma was a "sundown town," an objective observer would reasonably question whether this Court was personally biased against her because of her race is unreasonable. *See* Dkt. 23-1. R.S. has not specifically alleged and cannot specifically allege any facts leading a reasonable observer to question whether this Court is personally biased against her for any reason including her race. The Court will not recuse itself voluntarily based on a naked "racist" accusation. This matter is therefore **REFERRED** to Chief Judge Estudillo for review under LCR 3(f).

**IT IS SO ORDERED**.

Dated this 10th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4