UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| R.S., | CASE NO. 3:26-cv-05229-BHS |
| | |
| Plaintiff, | ORDER AFFIRMING JUDGE |
| v. | SETTLE'S DENIAL (DKT. NO. 26) |
| | OF PLAINTIFF'S MOTION FOR |
| OLYMPIC MANAGEMENT LLC et al., | RECUSAL (DKT. NOS. 23; 23-1) |
| | |
| Defendants. | |

On June 10, 2026, United States District Judge Benjamin H. Settle issued an order denying Plaintiff's request to change venue. (Dkt. No. 26.) Within that order, Judge Settle determined he would not recuse from the matter and referred his decision not to recuse to the undersigned pursuant to Local Civil Rule 3(f). (*Id*. at 4.) Local Civil Rule 3(f) provides that "whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455" and the "challenged judge decides not to voluntarily recuse" himself, he must "direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews and affirms Judge Settle's decision not to recuse.

ORDER AFFIRMING JUDGE SETTLE'S DENIAL (DKT. NO. 26) OF PLAINTIFF'S MOTION FOR RECUSAL (DKT. NOS. 23; 23-1) - 1

On May 13, 2026, Plaintiff filed a motion for change of venue. (Dkt. No. 23.) Filed with the motion was an "Affidavit of Bias and Prejudice by a Judge," which appears to move for Judge Settle's recusal. (*See* Dkt. No. 23-1.) Plaintiff complains that Judge Settle, through his written orders, "seemed hostile and condescending in tone." (*Id*. at 3.) She was insulted by Judge Settle's use of the words "implausible" and "hard to follow" in his written orders analyzing Plaintiff's pleadings. (*Id*.) Plaintiff alleges Judge Settle has used these words or phrases in other matters involving pro se parties, thereby intimating that Judge Settle and his law clerk(s) were using a "pro se template." (*Id*. at 4.) Plaintiff also complains Judge Settle deliberately delayed a ruling on Plaintiff's motion for temporary restraining order (*id*. at 6), which Judge Settle denied one day after she filed (*see* Dkt. No. 4). Plaintiff ultimately alleges Judge Settle is biased based on her "status as a *pro se*, [and] also on the basis of race, with the latter being based on the location of the courthouse, Tacoma, which is historically, and currently biased city against Black People, Asian People, and Native Americans"; she also bases her motion "upon the concern" that in a previous case Judge Settle "came to the[] Defense" of one of the defendants named in her complaint. (Dkt. No. 23-1 at 6–7.) From Plaintiff's perspective, "[c]ommunity bias is a real concern . . . especially in light of" her experiences with various courts. (*Id*. at 7.) Summarizing, Plaintiff feels "there is no chance that there will be impartiality" and she is "requesting that [Judge Settle] not rule on anything else in [her] case[.]" (*Id*. at 10.)

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to

ORDER AFFIRMING JUDGE SETTLE'S DENIAL (DKT. NO. 26) OF PLAINTIFF'S MOTION FOR RECUSAL (DKT. NOS. 23; 23-1) - 2

'proceed no further' in the case." *U.S. v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). "The alleged prejudice must come from an extrajudicial source." *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "Adverse rulings do not constitute the requisite bias or prejudice" for recusal under 28 U.S.C. § 144. *Azhocar*, 581 F.2d at 739.

Here, to the extent Plaintiff complains about the rulings Judge Settle has made in this matter, Plaintiff's disagreements with those rulings are insufficient to establish bias. *Studley* 783 F.2d at 939 ("[A] judge's prior adverse ruling is not sufficient cause for recusal."). To the extent Plaintiff makes allegations that Judge Settle is part of a community that is biased against individuals such as Plaintiff or that Judge Settle's use of certain language in his prior orders are insulting, hostile or condescending, the allegations are vague and fail to identify specific facts leading a reasonable person to believe Judge Settle is biased. *See Royer v. Pennsylvania State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) ("A party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge.") (internal citation omitted).

In short, the undersigned finds no basis for Judge Settle's recusal. The Court thus AFFIRMS Judge Settle's denial (Dkt. No. 26) of Plaintiff's motion for recusal (Dkt. Nos. 23; 23-1).

Dated this 11th day of June, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING JUDGE SETTLE'S DENIAL (DKT. NO. 26) OF PLAINTIFF'S MOTION FOR RECUSAL (DKT. NOS. 23; 23-1) - 3