UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| R.S.,<br><br>        Plaintiff,<br><br>    v.<br><br>OLYMPIC MANAGEMENT LLC et al.,<br><br>        Defendants. | CASE NO. 3:26-cv-05229-BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 29), AFFIRMING JUDGE SETTLE'S SECOND DENIAL (DKT. NO. 32) OF PLAINTIFF'S MOTION TO RECUSE (DKT. NO. 30) |

On May 29, 2026, Plaintiff moved for a change of venue and filed an "Affidavit of Bias and Prejudice by a Judge" against United States District Judge Benjamin H. Settle.  (Dkt. Nos. 23, 23-1.)  On June 10, 2026, Judge Settle denied Plaintiff's motion for change of venue and declined to voluntarily recuse himself.  (Dkt. No. 26.)  Pursuant to Local Civil Rule 3(f), the undersigned reviewed Judge Settle's decision not to recuse and, on June 11, 2026, affirmed Judge Settle's decision.  (Dkt. No. 28.)  On June 15, 2026, Plaintiff filed a motion for reconsideration (Dkt. No. 29) and motion for recusal (Dkt. No. 30).  Judge Settle again declined

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 29), AFFIRMING JUDGE SETTLE'S SECOND DENIAL (DKT. NO. 32) OF PLAINTIFF'S MOTION TO RECUSE (DKT. NO. 30) - 1

to voluntarily recuse himself and referred these matters to the undersigned per Local Civil Rule 3(f). (Dkt. No. 32.)  Accordingly, both motions are now before the undersigned.

I    MOTION FOR RECONSIDERATION

Plaintiff's motion for reconsideration argues that "Plaintiff did not file a motion to recuse" but rather "she filed an affidavit of bias against Judge Settle[] pursuant to 28 U.S.C. § 455[.]" (Dkt. No. 29 at 1.)[1]  Plaintiff asserts "[u]nder 28 U.S.C § 144, normally, according to case law, under this statute, the judge automatically removes himself." (*Id*.)  She further asserts that "if the court is concurring with a *denial* by Judge Settle[], then Judge Settle[] would first have to provide something in writing to [Plaintiff] in which he *denies* an action." (*Id*.)  Plaintiff then identifies several reasons why she believes Judge Settle is biased: (1) his statement "that he did not feel that she had a '*viable*' claim regarding her claim of discrimination on the basis of disability," (2) his "disparaging" comments that her complaint was "hard to follow" and that used the exact language he used in another case, (3) his reference to "state court decisions" that ignore what she asserts is the "deliberate and unlawful denial of [her] procedural and substantive due process rights," and (4) his use of the term "viability" which Plaintiff asserts is for the jury not judge to decide. (*Id*. at 2–3.)  In sum, Plaintiff argues, "in her opinion, Judge Settle[] wants to dismiss her complaint, and is reviewing it intensely for that reason." (*Id*. at 4.)

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  LCR 7(h)(1).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*

---

[1] It appears Plaintiff intends 28 U.S.C. § 144, not § 455.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 29), AFFIRMING JUDGE SETTLE'S SECOND DENIAL (DKT. NO. 32) OF PLAINTIFF'S MOTION TO RECUSE (DKT. NO. 30) - 2

*Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Contrary to Plaintiff's assertion that her affidavit of bias should be sufficient to support Judge Settle's recusal, "[o]nly after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *U.S. v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). Also contrary to Plaintiff's assertion, both Judge Settle and the undersigned found Plaintiff did not identify a legally sufficient basis for Judge Settle's recusal. (*See* Dkt. Nos. 26 at 4, 28 at 3.) The reasons identified in Plaintiff's motion for reconsideration continue to be an insufficient basis for recusal. The proper avenue for Plaintiff to pursue her claim that Judge Settle *"*appear[ed] to exceed his authority of a judge in her case" is an appeal and not recusal. (Dkt. No. 29 at 3.) Moreover, while Plaintiff may dislike Judge Settle's tone, she presents no evidence of bias based on race or pro se status from him or his staff. *See Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge").

Plaintiff's motion for reconsideration identifies no manifest error by the undersigned. Plaintiff's motion for reconsideration (Dkt. No. 29) is DENIED.

## II   MOTION TO RECUSE

Plaintiff also filed a motion to recuse.  (Dkt. No. 30.)  Plaintiff reiterates that the basis of her claim is what she perceives as (1) the "hostile and condescending" tone of Judge Settle's orders, (2) Judge Settle having played "the role of advocate for Defendants" in prior cases, and (3) Judge Settle's deliberate delay in ruling on her TRO and processing her IFP application.  (*Id.* at 1.)  Judge Settle declined to voluntarily recuse himself.  (Dkt. No. 32.)  For the reasons identified in the Court's earlier ruling affirming Judge Settle's first denial to voluntarily recuse himself (Dkt. No. 28) and in this Order *supra*, the Court finds no basis for Judge Settle's recusal and AFFIRMS Judge Settle's decision not to voluntarily recuse.

## III   CONCLUSION

Accordingly, the Court finds and ORDERS that Plaintiff's motion for reconsideration (Dkt. No. 29) is DENIED and Judge Settle's denial (Dkt. No. 32) of Plaintiff's motion for recusal (Dkt. No. 30) is AFFIRMED.

Dated this 16th day of June, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 29), AFFIRMING JUDGE SETTLE'S SECOND DENIAL (DKT. NO. 32) OF PLAINTIFF'S MOTION TO RECUSE (DKT. NO. 30) - 4