UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

R.S.,

                        Plaintiff,

        v.

OLYMPIC MANAGEMENT LLC, et al.,

                        Defendants.

CASE NO. 3:26-cv-05229-BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge Theresa L. Fricke's Order granting pro se plaintiff R.S.'s application to proceed *in forma pauperis* based on her indigency, leaving to this Court evaluation of whether R.S.'s amended complaint, Dkt. 22, asserts a plausible claim and should be served. Dkt. 24 (citing 28 U.S.C. § 1915(e)(2)(B)). This is the standard practice for evaluating pro se *in forma pauperis* applications in this District.

This preliminary threshold question has been delayed because R.S. moved for a temporary restraining order and appealed the denial of that motion. Dkts. 2, 4, 15. The appeal was dismissed for lack of jurisdiction. Dkt. 25. R.S. has since filed motions to

ORDER - 1

change venue, Dkt. 23; for reconsideration of the denial of her motion to change venue, Dkt. 29; for recusal, Dkt. 30; for clarification of the Order granting her *in forma pauperis* status and referring her complaint to this Court for review under 28 U.S.C. §1915(e)(2)(B), Dkt. 31; and a second motion for reconsideration of the Court's order denying her motion to change venue, again based her allegations of historical racism in Tacoma and Bremerton, Dkt. 33.

R.S. has also filed a praecipe, Dkt. 34, formally complaining to the Chief Judge that this Court called her a "racist" in its Order, Dkt. 26, denying her motion to change venue, Dkt. 23. R.S. asserts: "In his most recent Order, [Judge Settle] resorted to name-calling, inferring that Plaintiff's request for a change of venue was based on her being a racist." Dkt. 34 at 1.

This is false. The Court stated: "R.S. has not specifically alleged and cannot specifically allege any facts leading a reasonable observer to question whether this Court is personally biased against her for any reason including her race. The Court will not recuse itself voluntarily based on a naked 'racist' accusation." Dkt. 26 at 4.

The Court was declining to recuse based on R.S.'s "naked"—i.e., wholly unsupported—accusation that she could not obtain a fair trial here because the Court was biased against her based on her race. R.S.'s motion to change venue to Seattle flatly accused this Court of making decisions based on race:

> [D]emographics would show that parties in [the Seattle District Court] are accustomed to dealing with a more diverse population and she believes **decisions would not be made based upon her ethnicity** or her status as a pro se **as she is alleging is happening in the district court in Tacoma**.

ORDER - 2

Dkt. 23 at 3 (emphasis added).

The Court explained only that it would not recuse based on R.S.'s naked accusation of racism. It did not state or imply that R.S. was a racist. Dkt. 26.

R.S.'s second motion for reconsideration, Dkt. 33, is **DENIED** as redundant, procedurally improper, and substantively without merit.

R.S.'s motion for clarification, Dkt. 31, is also procedurally improper. In this District, a Magistrate Judge initially evaluates *in forma pauperis* applications, and provisionally grants such status if the applicant is indigent. She will refer to the assigned District Judge evaluation of the proposed complaint's plausibility under 28 U.S.C. §1915(e)(2)(b), when it appears the applicant has failed to state a plausible claim. That is what Judge Fricke did in this case. Dkt. 24. The motion for clarification, Dkt. 31, is **DENIED**.

This Court denied R.S.'s initial motion for a temporary restraining order because she had not asserted a plausible claim. Specifically, her claims arising from the Kitsap Superior Court's rulings in an underlying case were facially barred by the *Rooker-Feldman* doctrine. Dkt. 4.

R.S.'s amended pleading, Dkt. 22, names as defendants Olympic Management; Eastwynd Apartments, LLC; Community Management Services; Judson Gray, a Washington state attorney; Ben Picuos, City of Bremerton, WA; Robert Mathisen; Frank Maiocco of Kitsap County Superior Court; Derek Byrne of Court of Appeals, Division Two; Mitchell Wright, a Washington State Attorney; and Jacob Hamilton. It asserts claims for discrimination in violation of the Fair Housing Act and the Americans with

Disabilities Act (ADA); retaliation for having filed a complaint with HUD's FHEO; harassment; intimidation; coercion; intentional infliction of emotional distress; and conspiracy to deprive civil rights pursuant to 18 U.S.C. § 241. Dkt. 22 at 1.

All claims against all defendants appear to arise out of R.S.'s residence at the Eastwynd Apartments in Kitsap County. She contends that the building has two entrances, one of which is automated but the other of which is not. She contends the defendants discriminate against her by having an alternate access that is difficult for her, due to her mobility issues, while that access is not difficult for those without mobility issues. Dkt. 22 at 11–14. She contends that the hills near one entrance are too steep for her walker. She asserts that the landlord refuses to install an automatic door as an accommodation for her disability. *Id*.

R.S. also asserts that in March 2025, she got into a dispute with her landlord and the Fire Marshall over the installation of a sprinkler system in the building, and her apartment. The Fire Marshall sought to enter her apartment, and she refused. She contends the defendants retaliated against her and harassed her, including an attempt by attorney Judson Gray to evict her on behalf of his client, the defendant landlord. *Id*. at 14–21. R.S. contends that the defendants conspired to deprive her of her civil rights, violating 18 U.S.C. § 241 (which is a criminal statute).

But a private citizen may not prosecute crimes or enforce criminal statutes. *See, e.g., Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit*, 248 F. Supp. 2d 17, 22 (D.D.C. 2003). A pro se plaintiff cannot criminally prosecute anyone; only a prosecutor

ORDER - 4

can bring charges. R.S.'s criminal conspiracy claim is facially and fatally defective, and it cannot be cured by further amendment.

R.S.'s amended complaint describes and relies almost entirely on her repeated but unsuccessful attempts to remedy her complaints in state court. She complains about the conduct of several state court judges (Houser, Adams, Bassett, Hull, Robinson, Forbes), the clerks and commissioners of the Kitsap Superior Court, the Washington Court of Appeals Division II, and the Washington Supreme Court (Fleishbein, Byrne, Johnston, Triebel, Maiocco), and about the conduct of the attorneys representing her adversaries in state court (Gray, Wright). *Id*. at 16–37. R.S. seeks money damages from each defendant, and asks the Court to order her landlord to install an automatic door. *Id*. at 39–40.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A plaintiff is not entitled to proceed *in forma pauperis* if her complaint fails to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), or if she seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially

ORDER - 5

plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

The Court's prior order denying R.S.'s motion for a TRO and permitting her to file an amended complaint explained that the Court cannot and will not interfere in state court proceedings, Dkt. 4 at 3 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)), and that her proposed claims are not plausible because they are wholly conclusory. *Id*. at 4.

The amended complaint does not cure these deficiencies. Her claims remain wholly conclusory. And while R.S. disclaims any effort to re-litigate the state court proceedings here, Dkt. 22 at 21, she does sue judicial officers and seek damages for the judge's discriminatory conduct. But her claims are not plausible because judges and court staff enjoy immunity from such claims: judicial officers are immune from actions arising from the discharge of official duties. *Mireles v. Waco*, 502 U.S. 9 (1991).

ORDER - 6

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. *See also Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996) (judicial immunity extends to declaratory and other equitable relief), *superseded by statute on other grounds*. Judicial immunity extends to judges and "certain others who perform functions closely associated with the judicial process," including clerks and commissioners. *Moore*, 96 F.3d at 1245 (quoting *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988)). *See also Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (immunities available to judges also apply to court staff "when they perform tasks that are an integral part of the judicial process," unless they act in the "clear absence of all jurisdiction"). This immunity cannot be overcome by allegations of legal error, bad faith, or malice. *Id.* at 1245.

R.S.'s claims against the judicial defendants are without merit, fail to state a claim, and seek money from immune defendants. She is not entitled to proceed on such claims. 28. U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Nor has she alleged facts permitting the Court to draw the reasonable inference that her landlord's attorneys owed her some duty or that they breached that duty. Her broad claim that all the defendants conspired against her is conclusory and vague, and she has pled no facts allowing a court to draw the reasonable inference that her claim against them is cognizable. Her claim that she is entitled to an additional automatic door is without factual or legal support.

R.S.'s amended complaint does not state a facially plausible claim against any defendant, and she is not entitled to proceed *in forma pauperis*. The Court will not permit another amended pleading.

The case is **DISMISSED**, without prejudice and without leave to amend again. The Clerk shall enter a judgment and close the case.

**IT IS SO ORDERED**.

Dated this 17th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8